UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sterling Blanding, #251147, ) | C/A No. 8:07-23-CMC-BHH |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| Dr. Sampson, Manning Correctional Institution; ) State of South Carolina; and ) Department of Corrections, ) | |
| Defendants. ) | |

The plaintiff, Sterling Blanding (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a prisoner at Manning Correctional Institution of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the attending doctor, SCDC and the State as defendants, and alleges the doctor incorrectly diagnosed and treated the plaintiff's medical condition.[2] Plaintiff requests injunctive relief, rather than money damages for negligence, medical malpractice and deliberate indifference to a serious medical need. The complaint should be dismissed for failure to state a claim.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint alleges the defendant, Dr. Sampson, was negligent and indifferent to Plaintiff's medical needs based on his mis-diagnosis and resulting incorrect treatment of Plaintiff's medical condition. The complaint claims Defendant Sampson diagnosed Plaintiff's groin pain as three or four different conditions over an eight month period, but when seen by a specialist, Plaintiff's medical condition was determined to be "a pull muscle in the groin." The complaint also alleges incorrect medical treatments, including "wrong" medication. The complaint claims Defendant Sampson "intended to inflict pain" on Plaintiff "without any justification of medical reasoning." The complaint does not request monetary damages, but instead states, verbatim: "[t]his suit is to directed to correcting any dangerous condition that may exist in the future; this and all information that are needed to infect the condition need be reviewed and judge according to law."

The caption of the complaint contains the State of South Carolina and the Department of Corrections; however, the list of parties on page two of the complaint only

lists Dr. Sampson as a defendant. The reference to the State of South Carolina and the Department of Corrections in the caption appear to be descriptive of the employment relationship of the one defendant, Dr. Sampson, listed as a party. Because it is not clear if the plaintiff intended to sue the State of South Carolina and the Department of Corrections, they are listed as defendants on the docket and recommended for dismissal.

## Discussion

Plaintiff's allegations of negligent or incorrect medical treatment are not actionable under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of statelaw. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, a § 1983 action may not be based only on a violation of state law or on a state tort. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Similarly, medical malpractice, a state tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The complaint alleges repeated acts of negligence within eight months, in which Defendant Sampson repeatedly mis-diagnosed a health condition for which

Plaintiff received treatments. Allegations of repeated acts of negligence or medical malpractice alone are not enough to state a constitutional violation so cannot be the basis for a § 1983 claim. *See Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994)(Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."). The complaint also states Defendant Sampson "intended to inflict pain on me without any justification of medical reason," while also alleging facts that Defendant Sampson was negligent in making a medical diagnosis and prescribing treatment. The facts alleged indicate, at most, that Defendant Sampson mis-diagnosed the Plaintiff's medical condition and directed medical treatment based on the mis-diagnosis. Negligence and medical malpractice are not constitutional violations and do not state a claim under § 1983.

The complaint also claims violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and makes the bare assertion that the defendants were deliberately indifferent to Plaintiff's serious medical needs. The Eighth Amendment's prohibition on "cruel and unusual punishment" extends beyond the punishments imposed by statute or by a sentencing judge, *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991), to include "the treatment a prisoner receives in prison and the conditions under which he is confined," *Helling v. McKinney*, 509 U.S. 25, 31 (1993). With respect to medical treatment received in prison, a prisoner alleging civil rights violations under 42 U.S.C. § 1983 "must

5

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the "cruel and unusual punishments" clause. In order for Eighth Amendment liability to attach, a § 1983 plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The factual allegations in the complaint claim multiple incorrect diagnoses, and thus incorrect treatments, including incorrect medication. The facts suggest Defendant Sampson diagnosed the plaintiff with the wrong medical condition and pursued incorrect treatment based on the mis-diagnosis, but no facts are alleged to indicate Defendant Sampson deliberately mis-diagnosed or incorrectly treated Plaintiff's medical condition for purposes of causing the plaintiff harm. The complaint's conclusion that Defendant Sampson was deliberately indifferent is not supported by the facts alleged. While a plaintiff is not charged with pleading facts sufficient to prove the case as an evidentiary matter, a plaintiff is required to allege facts that support a claim for relief. Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003). The complaint fails to allege facts that state a claim for deliberate indifference to a serious medical need. This case should be dismissed for failure to state a claim on which relief may be granted.

The complaint also fails to set forth any claim against the defendants State of South Carolina and Department of Corrections.[3] No allegations were made against these entities

---

[3] If the complaint could be construed as requesting monetary damages, the State of South Carolina and the South Carolina Department of Corrections, an agency of the State,

6

as the factual allegations are directed to the actions of the defendant, Dr. Sampson. In as much as Plaintiff is attempting to sue the governmental entities based on Dr. Sampson's employment relationship with these entities, his complaint fails to state a claim. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir. 1977); *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). Liability in a § 1983 action on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). The plaintiff makes no factual allegations against the defendants State of South Carolina and Department of Corrections. The complaint in this case should be dismissed for failure to state a claim.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

                              Respectfully submitted,

                              s/Bruce H. Hendricks
                              United States Magistrate Judge

January 24, 2007
Greenville, South Carolina

---

both have immunity from suit for monetary damages under the Eleventh Amendment, Will v. Michigan Department of State Police, 491 U.S. 58, 61-71 (1989), and should be dismissed.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).